**FILED**

JAN 2 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEREZ, | No. C 08-4471 PJH (PR) |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

This is a habeas case brought pro se by a state prisoner to challenge a denial of parole on July 26, 2006.

Respondent has moved to dismiss on grounds the petition is moot.

In 2008, at a parole hearing subsequent to one at issue here, the Board granted petitioner a parole date. Mot. to Dismiss, Ex. A. On April 1, 2009, the governor reversed the grant of parole. *Id.* at Ex. B. Respondent's position is that the proper relief if this petitioner were to be granted would be a remand to the parole board to hold a new hearing, and that the 2008 hearing was such a hearing. Respondent asserts that there no longer is a judicially redressable injury.

The case or controversy requirement of Article III of the United States Constitution deprives a court of jurisdiction to hear moot cases. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, the petitioner "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The party asserting mootness bears the burden of establishing that there is no "effective relief" remaining that the court could provide.

*Southern Oreg. Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004).

    For purposes of this ruling only, the court will assume that respondent is correct that the only remedy available if petitioner were to prevail would be a remand to the Board for a new hearing. Even on that assumption, if the court were to rule in petitioner's favor and order a new hearing here, petitioner would receive another chance at getting parole, both from the Board and from the governor. That would constitute some redress, and means that the case is not moot.

    The motion (document number 7 on the docket) is **DENIED**. Because respondent has already filed an answer on the merits and petitioner has filed a traverse, no further briefing is necessary. The petition will be ruled upon in its proper order.

**IT IS SO ORDERED.**

Dated: 1/22/10

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\PEREZ4471.DSM.wpd